IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DAVON TAYLOR, | * | |
| Movant | * | |
| | * | CRIMINAL NO. JKB-13-0269 |
| v. | * | CIVIL NO. JKB-16-2361 |
| UNITED STATES OF AMERICA, | * | |
| Respondent | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM

Pending before the Court is Davon Taylor's motion to vacate pursuant to 28 U.S.C. § 2255. (Crim. No. 13-0269, ECF No. 248.) The motion is premised upon the Supreme Court's ruling in *Johnson v. United States*, 135 S. Ct. 2551 (2015), which held that the residual clause of the Armed Career Criminal Act ("ACCA") was void for vagueness. *Id.* at 894. Movant asserts an entitlement to relief because the sentencing court determined Movant was a career offender under the advisory sentencing guidelines and those guidelines included a career offender provision with wording identical to the ACCA provision struck down in *Johnson* as unconstitutionally vague. The Supreme Court's more recent decision in *Beckles v. United States*, 137 S. Ct. 886 (2017), held that the sentencing guidelines may not be challenged as void for vagueness. *Id.* at 894. Accordingly, the instant motion is without merit and will be denied by separate order.

A certificate of appealability may issue only if the movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). *See also Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In order to satisfy § 2253(c), a movant must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003) (citing *Slack*, 529 U.S.

at 484). Taylor has failed to make such a showing, and the Court declines to issue a certificate of appealability.

DATED this __14__ day of December, 2017.

BY THE COURT:

_/s/ James K. Bredar_
James K. Bredar
Chief Judge